IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>B & J MOVING AND STORAGE, INC., a Michigan corporation;<br><br>    *Defendant*. | Case No. 20-cv-04332<br><br>District Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant B & J Moving and Storage, Inc. ("B & J") is a corporation organized under the laws of the State of Michigan.

## CLAIM FOR RELIEF

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. B & J is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

10. During all relevant times, B & J was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, pursuant to which B & J was required to make contributions to the Pension Fund on behalf of certain of its employees.

11. The Pension Fund determined that on or about May 13, 2018, B & J permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

12. As a result of this complete withdrawal, B & J incurred withdrawal liability to the Pension Fund in the principal amount of $1,438,861.17, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

13. On or about November 14, 2019, B & J received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

14. On or about December 19, 2019, B & J received a past due notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned B & J of the consequences of its failure to pay such withdrawal liability.

15. Via a letter dated February 11, 2020, B & J requested review of its withdrawal liability assessment pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

16. The Pension Fund's Board of Trustees upheld B & J's withdrawal liability assessment and denied B & J's request for review. On or about April 24, 2020, pursuant to section 4219(b)(2)(B) of ERISA, 29 U.S.C. § 1399(b)(2)(B), B & J received notice of the Board of Trustees' decision, including the basis for the decision.

17. B & J did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

18. B & J failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

  (i) $1,438,861.17 in withdrawal liability;

  (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

  (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

July 23, 2020

/s/ Matthew B. Wesley
Matthew B. Wesley (ARDC # 6327766)
Attorney for Plaintiffs
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road
Chicago, IL 60631
(847) 777-4035
mwesley@centralstatesfunds.org