# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and CHARLES A. WHOBREY, as Trustee | Case No. 20-cv-4332 |
| *Plaintiffs,* | Judge Gary Feinerman |
| v. | Magistrate Judge Gabriel A. Fuentes |
| B & J MOVING AND STORAGE, INC., a Michigan corporation | |
| *Defendant.* | |

## CONSENT JUDGMENT

**WHEREAS**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Charles A. Whobrey, as Trustee, filed their complaint on July 23, 2020;

**WHEREAS**, Defendant, B & J Moving and Storage, Inc. ("B & J") was served with a copy of the summons and complaint on August 12, 2020. Dkt. No. 9.

**WHEREAS**, B & J filed its answer to the complaint on September 2, 2020. Dkt. 10.

**WHEREAS,** on December 11, 2020, Defendant filed a suggestion of bankruptcy indicating that it had filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Michigan, Case No. 20-bk-03544-swd. Dkt. No. 14.

**WHEREAS**, in a minute order dated December 13, 2020, this Court stayed this case pending the resolution of Defendant's bankruptcy proceeding.

**WHEREAS**, on January 25, 2021, the bankruptcy trustee filed a report that there would not be any distributions to creditors and that the claims were being discharged without payment.

**WHEREAS**, on March 3, 2021, the judge in the Chapter 7 bankruptcy proceeding dismissed the bankruptcy case.

**WHEREAS**, in a minute order dated May 4, 2021, this Court lifted the stay and reopened discovery which had closed during the pendency of the bankruptcy proceeding. Dkt. No. 19.

**WHEREAS**, the parties consent and stipulate to the entry of judgment against B & J and in favor of Plaintiffs as set forth below.

**NOW THEREFORE**, the parties consent and stipulate to, and the Court finds, the following:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest and penalties arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

2. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement, which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## FINDINGS OF FACT[1]

3. The Pension Fund is a multiemployer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Pension Fund is administered by its Board of Trustees at 8647 West Higgins Road in Chicago, Illinois.

4. B & J is a corporation organized under the laws of the State of Michigan.

---

[1] To the extent certain findings of fact may be deemed to be conclusions of law, they also shall be considered conclusions of law. Similarly, to the extent matters contained in the conclusions of law may be deemed findings of fact, they also shall be considered findings of fact.

5. During relevant times, B & J was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, pursuant to which B & J was required to make contributions to the Pension Fund on behalf of certain of its employees.

6. On or about May 13, 2018, B & J permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383.

7. As a result of this complete withdrawal, B & J incurred withdrawal liability to the Pension Fund in the principal amount of $1,438,861.17, as determined under 29 U.S.C. § 1381(b).

8. On November 14, 2019, B & J received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

9. On December 19, 2019, B & J received a past due notice from the Pension Fund pursuant to 29 U.S.C. §1399(c)(5)(A) advising that its withdrawal liability payments were past due, and which forewarned B & J of the consequences of its failure to pay such withdrawal liability.

10. Via a letter dated February 11, 2020, B & J requested review of its withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A).

11. The Pension Fund's Board of Trustees upheld B & J's withdrawal liability assessment and denied B & J's request for review. On April 24, 2020, pursuant to 29 U.S.C. § 1399(b)(2)(B), B & J received notice of the Board of Trustees' decision, including the basis for the decision.

12. B & J did not timely initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1).

13. B & J failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of 29 U.S.C. § 1399(c)(5).

14. To date, B & J has not remitted payment of the withdrawal liability (or any part thereof) to the Pension Fund.

## CONCLUSIONS OF LAW

15. Under 29 U.S.C. § 1401(a)(1), an employer that timely requests that a fund review a withdrawal liability assessment under 29 U.S.C. § 1399(b)(2)(A), may initiate arbitration to dispute the withdrawal liability within the time frame set forth in 29 U.S.C. §1401(a)(1). However, if the employer does not timely request arbitration under 29 U.S.C. § 1401(a)(1), the withdrawal liability amounts demanded by the fund become due and owing pursuant to 29 U.S.C. § 1401(b)(1).

16. Here, B & J timely requested review of the withdrawal liability assessment pursuant to 29 U.S.C. § 1399(b)(2)(A). However, B & J did not timely initiate arbitration and has waived its right to initiate arbitration to dispute the withdrawal liability under 29 U.S.C. §1401(a)(1). Consequently, the withdrawal liability amount demanded by the Pension Fund is due and owing pursuant to 29 U.S.C. § 1401(b)(1). *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Bell Transit Co.*, 22 F.3d 706, 707 (7th Cir. 1994).

17. Under 29 U.S.C. § 1451(b), the failure to make a withdrawal liability payment when due is treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992).

18. Accordingly, pursuant to ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to judgment in their favor for:

    (a)    the unpaid withdrawal liability principal of $1,438,861.17;
    (b)    interest on the unpaid withdrawal liability principal;
    (c)    an amount equal to the greater of: (1) the interest on the unpaid withdrawal liability principal, or (2) liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the unpaid withdrawal liability principal; and
    (d)    reasonable attorney's fees and costs.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).

19. Pursuant to 29 U.S.C. § 1132(g)(2), interest on the unpaid withdrawal liability is computed and charged at the rate set by the plan.

20. Under the Pension Fund's Trust Agreement, interest on delinquent withdrawal liability payments is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged.

21. Accordingly, B & J owes interest in the amount of $114,422.36 through May 5, 2021 on the unpaid withdrawal liability principal.

22. Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to an amount equal to the greater of interest on the delinquent withdrawal liability principal or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the plan. The Pension Fund's Trust Agreement provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability principal.

23. Accordingly, B & J owes liquidated damages in the amount of $287,772.23, which represents 20% of the unpaid withdrawal liability principal (and is greater than the delinquent interest amount discussed above).

24. Pursuant to 29 U.S.C. § 1132(g)(2), B & J is also required to pay all reasonable attorney's fees and costs incurred in connection with Plaintiffs' claim. Plaintiffs have incurred $6,465.00 in attorneys' fees and $453.94 in costs with respect to their claim for withdrawal liability against B & J. These fees and costs are reasonable.

25. Pursuant to the terms of the Pension Fund Trust Agreement, the Pension Fund is entitled to post-judgment interest on the judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**:

A. That a judgment is entered in favor of Plaintiffs and against Defendant.

B. That Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, Trustee, have and recover judgment from and against Defendant in the total amount of $1,847,974.70. This amount consists of the following amounts pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b); (i) $1,438,861.17 in withdrawal liability principal; (ii) $114,422.36 in interest through May 5, 2021; (iii) $287,772.23 in liquidated damages; (iv) $6,465.00 in attorneys' fees; and (v) $453.94 in costs.

C. That the Plaintiffs are awarded post-judgment interest on the withdrawal liability judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually.

D. That Plaintiffs are awarded execution for collection of the judgment and costs granted.

IT IS SO ORDERED.

Dated: 6/11/2021

/s/ Gary Feinerman
_____
Hon. Gary Feinerman
United States District Judge

APPROVED:

/s/ Matthew B. Wesley
Matthew B. Wesley (ARDC #6327766)
CENTRAL STATES FUNDS
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-777-4035
mwesley@centralstatesfunds.org
Attorney for Plaintiffs

June 10, 2021

APPROVED:

/s/ Mark T. Koerner
Mark T. Koerner
FOSTER SWIFT COLLINS & SMITH PC
313 S. Washington Square
Lansing, MI 48933
517-371-8226
mkoerner@fosterswift.com
Attorney for Defendant

June 10, 2021